UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYBER INFORMATION TECHNOLOGY (CYIT),

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF AIR FORCE (36th Contracting Squadron [FA5240]),

    Defendant.

Cause No. C20-0875RSL

ORDER

On October 19, 2020, defendant's unopposed motion to dismiss was granted, and the above-captioned matter was dismissed. More than a month later, Morgan Aiken III, the owner of plaintiff Cyber Information Technology, filed a motion to reopen the case, arguing that Cyber Information Technology has a meritorious claim against defendant and that he had been unaware of defendant's motion to dismiss. Dkt. # 11. Mr. Aiken also filed a motion to amend the complaint to add himself as a named plaintiff. Dkt. # 13.

In response, defendant incorporates by reference its motion to dismiss and again points out that the United States Court of Federal Claims has exclusive jurisdiction over contract claims against the United States that exceed $10,000. *See* 28 U.S.C. § 1491(a)(1) and § 1346(a)(2). Mr. Aiken does not respond to the jurisdictional issue, instead arguing that he has evidence to

ORDER - 1

support plaintiff's contract claim.

Whether the Court has the power to hear plaintiff's claim must be decided before reaching its merits. The United States is generally immune from suit unless it consents to them. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Where Congress has agreed to waive sovereign immunity, the scope of the consent defines the jurisdiction of the Court to hear an action against the federal government. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Baker v. U.S.*, 817 F.2d 560, 562 (9th Cir. 1987). Plaintiff's claim sounds in contract and, because the amount at issue exceeds $10,000, falls within the statutory scope of the Tucker Act. While the Tucker Act waives sovereign immunity for claims such as that asserted here, it requires that they be heard in the United States Court of Federal Claims. Mr. Aiken has failed to show that this Court, sitting in the Western District of Washington, has jurisdiction over plaintiff's contract claim. It would therefore be futile to reopen the case or to grant leave to amend.

For all of the foregoing reasons, Mr. Aiken's motion to reopen and motion to amend are DENIED.

Dated this 1st day of February, 2021.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER - 2